UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:16-CR-62-TAV-CCS |
| SHAWN SCOTT, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 6, 2017, for a motion hearing on the Defendant's *pro see* Motion to Appoint New Counsel [Doc. 58], filed on December 15, 2016. Assistant United States Attorney Cynthia Davidson was present representing the Government. Attorney Gerald Gulley was present representing the Defendant, who was also present.

In his *pro se* motion, the Defendant states he has lost confidence in counsel's ability to represent him in this case. The Defendant explains that Attorney Gulley has not returned his or his family's phone calls, that he has only visited with the Defendant three time, and that the Defendant requested that he be sent the discovery in this case but has never received it. Attorney Gully responded to the specific allegations asserted by the Defendant by filing a response under seal. [Doc. 64].

During the motion hearing, the Court asked AUSA Davidson to be excused so that it could hold a portion of the hearing under seal in order to speak more freely with Attorney Gulley and

1

the Defendant. During the sealed portion of the hearing, Attorney Gulley explained in more detail what had transpired between him and the Defendant, and the Defendant explained his reasons for wanting new counsel. After hearing the positions and statements of counsel and the Defendant, the Court unsealed the hearing and found that the type of conflict the Defendant appeared to have with defense counsel was not the type of conflict that requires the appointment of a new attorney. Moreover, Attorney Gulley and the Defendant agreed that the issues they experienced had been resolved.

Accordingly, the Court finds that the Defendant has not shown good cause for the appointment of new counsel. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (explaining that good cause must be shown to warrant substitution of counsel, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with counsel). Attorney Gulley has not acted incompetently and there is no reason why he and the Defendant cannot continue to work together. While there have been some communication problems, the Court finds that the underlying issues described during the sealed portion of the hearing have been rectified and thus are insufficient to prevent defense counsel from providing adequate representation. As a result, the Court finds that there has not been an irrevocable breakdown in communication or the attorney-client relationship. Therefore, Defendant's *pro se* Motion to Appoint New Counsel [**Doc. 58**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge